FILED IN CHAMBERS
U.S.D.C. Atlanta

JUN 0 5 2006

LUTHER D. THOMAS, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEVEN A. BLASKE,

      Plaintiff,

  v.

PROVIDENT LIFE AND ACCIDENT
INSURANCE COMPANY,

      Defendant.

CIVIL ACTION

NO. 1:03-CV-692-RLV

O R D E R

This is a diversity action on four insurance policies, which provided for payment if the insured became disabled. Included among the plaintiff's claims is a claim under O.C.G.A. § 33-4-6 for bad faith denial of his claim for disability benefits. Pending before the court is the plaintiff's renewed motion to compel discovery [Doc. No. 91].

The facts giving rise to the plaintiff's claims were set forth in the court's order dated January 27, 2005, and will not be repeated here except where necessary to explain the current motion to compel.[1] The defendant issued four policies of disability insurance to the plaintiff, in 1986, 1990, 1993, and 1995. Each policy was non-cancellable and provided lifetime benefits if the insured became totally disabled due to sickness or injury before age 60. With slight differences in wording that are not material

---

[1] That order granted summary judgment to the defendant and dismissed as moot the motion to compel which has now been renewed.

to the cross-motions for summary judgment, the policies defined "total disability" as follows:

> Total Disability or totally disabled means that due to Injury or Sickness:
>
> 1. You are not able to perform the substantial and material duties of your occupation; and
>
> 2. You are receiving care by a physician which is appropriate for the condition causing the disability. We will waive this requirement when continued care would be of no benefit to you.
>
> Your occupation means the occupation (or occupations, if more than one) in which you are regularly engaged at the time you became disabled. If your occupation is limited to a recognized specialty within the scope of your degree or license, we will deem your specialty to be your occupation.

As part of his bad faith claim, the plaintiff will seek to introduce evidence at trial regarding the defendant's reasons for denying his claim. To this end, the plaintiff took the deposition of Neil Smoot, the employee who made the initial decision to deny the claim. During his deposition, Mr. Smoot refused to answer certain questions, and that refusal forms the basis of the plaintiff's motion.

The policy definition of "total disability" is susceptible to two interpretations. Under one interpretation, a person would be disabled only if he was unable to perform each and every substantial and material duty of his job. Under another interpretation a person would be disabled if he was unable to perform any one of the substantial and material duties of his job. According to Mr. Smoot, the defendant denied the plaintiff's claim

based on his conclusion that the plaintiff was able to perform "one or more" of the substantial and material duties of his job "on at least a part-time basis." Smoot Deposition at 51, 52. In an effort to get Mr. Smoot to acknowledge that there was an alternative interpretation of the policy language, counsel for the plaintiff asked if Mr. Smoot would agree or disagree with the following statement: "In order to be considered totally disabled, an insured must be unable to perform only a single substantial and material duty of his occupation." Smoot Deposition at 66-67. The following colloquy took place:

> A. I don't have an opinion on that.
>
> Q. You're unable to disagree or agree?
>
> A. I have never seen that before, I have never read that before so I don't have an opinion as we sit here today.
>
> Q. Well, you wouldn't have read it because I wrote it down, you see, by my point is--let me make sure your testimony is clear. You're unable to agree or disagree with that statement I just read to you?
>
> A. I just don't have an opinion on that statement.
>
> Q. I am not asking for an opinion. I am asking whether it's true or false.
>
> MR. CARTER [counsel for the defendant]: I'm going to object to your insistence on the witness committing that your statement is true or false. If he doesn't have an opinion, he can't very well commit to what you said as being true or false.
>
> Q. . . . Mr. Smoot, let me ask you this: in evaluating total disability claims like Mr. Blaske's, if an insured meets Paragraph 2, that is[,] he's receiving care by a physician, is an insured considered to be totally disabled if he is unable to perform only a single substantial and material duty of his occupation?

3

MR. CARTER: Objection. That's the same question you asked before, and it has been answered.

Q. Please answer my question.

A. Again, I don't have an opinion on that.

Q. Well, you're charged with the responsibility for evaluating claims for total disability and making claim determinations on behalf of UnumProvident Corporation, right?

A. That's correct.

Q. And in doing that, you apply the policy language to the information that you developed during your investigation of the claim as reflected in the claim file, is that correct?

A. That's correct.

Q. And, in particular, in evaluating the claim of total disability, you apply the definition of total disability that's set forth in the policy, is that correct?

A. That would be correct.

Q. And in order to do that, you have to have some understanding as to what those words mean, is that correct?

A. That's correct.

Smoot Deposition at 67-70.

Counsel for the plaintiff then asked, again, if an insured would be considered disabled if he was unable to perform only a single substantial material duty of his occupation. After counsel for the defendant objected on several grounds, Mr. Smoot repeated his prior answer that he had no opinion. A short time later in the deposition, essentially the same series of questions was asked—with the same result.

The question posed by counsel for the plaintiff is a factual question, capable of being answered with "yes" or "no." The

4

question does not seek an opinion; instead, the question seeks to know whether Mr. Smoot agrees with a particular reading of the policy language.  Mr. Smoot (and the defendant) may not like the answer he has to give, but he must answer the question.  Of course, Mr. Smoot may explain his answer, but he must answer the question with a "yes" or "no."

The plaintiff's motion to compel is GRANTED.  All costs of reconvening Mr. Smoot's deposition for the limited purpose of posing this question to Mr. Smoot will be borne by the defendant. Mr. Smoot's deposition should be reconvened within 20 days from the date of the docketing of this order.

SO ORDERED, this 5th day of June, 2006.

ROBERT L. VINING, JR.
Senior United States District Judge